HENRY E. PRENTISS & *al.* *versus* JOHN H. KELLEY & *al.*

A. and B., as counselors at law, commenced, at the request of D., and prosecuted to judgment, an action in which C. and D., alleged co-partners, were plaintiffs. They afterwards sued the latter for their fees. D. was defaulted, and C. denied that he was ever the partner of D., or authorized or was interested in the original suit. The Court *held*, that the acts and doings of the plaintiffs in Court, without other proof of notice to defendant C. than arose merely from the long continuance of the suit in Court in the name of C. and D., were not sufficient evidence of partnership, or of promise on the part of C. to entitle the plaintiffs to recover against him.

Attorneys are placed upon no better footing than other men, for the recovery of their fees.

It is a general rule that special authority to bring a suit must be shown by the attorney.

Where the plaintiff's appearance is seasonably called for, the attorney's employment must be shown; but if not called for at the first term, it will be presumed.

Whether an attorney could legally prove his retainer and the services performed, by his suppletory oath, (*Codman & al.* v. *Caldwell*, 31 Maine, 560,) *dubitatur*.

ON REPORT from *Nisi Prius*, CUTTING, J., presiding.

This action was ASSUMPSIT by the plaintiffs, counselors at law, for professional services in the suit of these defendants against J. R. Mayo.

The general issue was pleaded and joined.

The defendant Perkins was defaulted.

Plaintiffs offered in evidence, a contract in their possession, purporting to be signed by J. R. Mayo and John Perkins & Co., but it was objected to for want of proof of execution and evidence that it was given them by Kelley.

Plaintiffs then put into the case, without objection, the original writ of the defendants against J. R. Mayo, dated Dec. 7th, 1846, in which these defendants were alleged to be partners, under the firm of John Perkins & Co.; and defendants admitted that this writ was made by plaintiffs, and was upon the above contract. The Court then admitted the contract. Plaintiffs then introduced the dockets of the District and S. J. Courts of the county of Penobscot several terms, during the years 1847 and 1848, from which it appeared that the

action, *John H. Kelley & al.* v. *J. R. Mayo*, was regularly entered, prosecuted by the plaintiffs and finally entered "neither party;" and also the testimony of J. E. Godfrey, the counsel of Mayo, that plaintiffs had appeared and acted for the plaintiffs in the action against Mayo.

The defendant Kelley then called his brother, Jones S. Kelley, who testified as follows:—"I was in Prentiss & Rawson's office in Bangor. Prentiss asked me if I was acquainted with Mr. Perkins, as Perkins lived in my neighborhood. He asked if he was good. I told him he was good, if he had any thing to do with. He told me that he had a note against him for fees, concerning Perkins and my brother. I do not recollect that he said it was on the Mayo matter."

Defendant offered to prove by John Perkins, one of the defendants, after he was defaulted, that he was the only man who ought to pay the plaintiffs' demand, that the suit for services, in which the plaintiffs sue, was by and for him alone, that the defendant Kelley was improperly joined, and that Kelley was not then his partner and never was.

The Court is authorized to draw any inference, from these facts, that a jury might properly do, and to treat the evidence as a jury might, and to render judgment by default, for the sum of $46,00, with interest from the date of the writ, if, in the opinion of the Court, Kelley is liable; and if said Kelley is not liable, in the opinion of the Court, the plaintiffs will discontinue against him, he being allowed his costs, and amending their writ, and taking judgment against said Perkins on his default. But, if the testimony of Perkins be admissible, the action is to stand for trial.

*Prentiss*, for plaintiffs.

*A. H. Briggs*, for Kelley.

MAY, J. — This action is brought by the plaintiffs, who are counselors at law, to recover compensation for professional services alleged to have been rendered by them for the defendants, as co-partners. Perkins, one of the defendants, is defaulted. Kelley, the other defendant, denies that he was

ever a partner of Perkins; that he ever in any way employed the plaintiffs to render the services in question; or that he had any knowledge of their performance. There is no proof in the case tending to charge him, or to show that he was a member of the firm of John Perkins & Co., except what arises from the fact that the plaintiffs, in the year 1846, brought a suit in the name of these defendants, alleging them to be partners of a firm under that name, against one Mayo, upon a contract, which, being in the possession of the plaintiffs, was offered in evidence by them, and which purported to have been signed by said Mayo and John Perkins & Co. It appears from the dockets that said suit was regularly entered in Court, and prosecuted by the plaintiffs for several terms, during the years 1847 and 1848, and was finally entered "neither party." There was other proof that the present plaintiffs were the acting counsel for the plaintiffs in that suit, which stood upon the docket as an action "*John H. Kelley & al.* v. *J. R. Mayo.*" The execution of the contract declared on in that suit was denied; and also that it was given to the plaintiffs by said Kelley; but it was admitted that the suit was brought by the now plaintiffs upon said contract. The first question is, whether upon these facts there is sufficient legal evidence, to authorize the Court to infer that the defendant Kelley, either as a partner with said Perkins or otherwise, became liable to the plaintiffs, so as to entitle them to recover against him jointly with said Perkins in this suit. The defendant Kelley certainly cannot be charged by the acts of Perkins, done without his knowledge or consent, unless there be proof of some then existing relation between them to authorize such acts, or some subsequent ratification; nor can he be bound by the mere acts of the plaintiffs, unless they were so performed that he must have known, or be presumed to have had knowledge of them, and thus to have assented to their performance.

The facts before stated disclose no acts on the part of Perkins, such as will render Kelley liable; certainly, if not his partner, of which there is no evidence, unless the bringing

of the suit by the plaintiffs against Mayo upon the contract aforesaid, and the proceedings in Court in said action are such evidence; and the plaintiffs do not contend that Kelley is liable upon any other ground, than that he must be presumed to have known of the bringing of that suit, from the fact that it was entered and stood so long upon the dockets in a public court, and so he must have authorized it. No authority is cited which establishes such a position.

That the records of courts of justice, and recitals in writs and judgments are sometimes and for some purposes admissible in actions where the parties are not the same, is not to be denied. Thus, where two had been sued as partners and had suffered judgment by default, the record was held competent evidence, as tending to show that the defendants had held themselves out as partners to the world, in a subsequent action brought by a third person against them as such. *Craigin & al.* v. *Carlton & al.* 21 Maine, 492; *Ellis* v. *Jameson,* 17 Maine, 235.

So when the defendant in an action has made declarations or averments, in his writ in a former suit, against other parties, the record may be legally introduced for the purpose of showing his admissions. *Parsons* v. *Copeland,* 33 Maine, 370. In these cases, however, it will be perceived that the parties to the record, against whom it was offered, may properly be presumed to have had actual notice of the suits; they either brought the actions, or legal process must have been served upon them, and having notice, they must be regarded as having assented to or asserted the truth of the record. The mere fact, that the record and proceedings were in a court of justice, has never, to our knowledge, been held sufficient evidence of notice. All our statutes, requiring service of judicial process, are based upon the insufficiency of such notice. It is said by Greenleaf, in his work on Evidence, vol. 2, § 139, that, " when a suit is by an attorney for fees, he must prove his retainer and the fees and services charged," and he mentions various modes in which such proof may be made, but among them is no such mode as that

contended for in the present case. We do not doubt but that such record with notice, either actual, or properly presumed, in the absence of all proof of any dissent, would be sufficient to authorize the inference that the attorneys who brought the suit were employed by the parties of record in whose behalf they were acting; but we think, without such notice, such a rule would not only be dangerous, but sometimes oppressive. If it be said that such is the relation of an attorney to his client and the Court, that an employment ought to be presumed, it is sufficient to reply, that no case can be found where attornies at law are placed upon any better footing for the recovery of their fees than other men. It is laid down as a general rule, that a special authority must be shown to institute a suit. Greenl. Ev., vol. 2, § 139, before cited. Hence, when a plaintiff's appearance is seasonably called for, proof of employment is always required, although, before the hearing upon that question, several terms of the Court may have intervened; but if not called for at the first term after the defendant has notice of the suit, then, for the purpose of facilitating proceedings in Court, it is to be presumed; but the rule in such cases can properly have no effect upon the question of employment as between the attorney and his client. In the case of *Codman & al.* v. *Caldwell*, 31 Maine, 560, it was held, that an attorney at law might prove his retainer and the services performed, by his book and suppletory oath, and it is difficult to perceive upon what ground such evidence *would be* admissible, if the same facts might be established by disinterested proof arising from the record and the proceedings of the attorney in Court, for such evidence is only allowed from the necessity of the case.

In the case of *Foster* v. *Dow*, 29 Maine, 442, it is said by Justice WELLS, in the opinion of the Court, that "the acts and doings of the attorney, who had the care of the suit, Farris against the plaintiff, in suing Farris for his services and obtaining judgment by default, and execution against him, could have no effect upon the rights of the plaintiff. They were *res inter alios*. *If Farris had notice of the suit they*

*might affect* him by way of admission;" and in this case, we are of opinion, that the acts and doings of the plaintiffs in Court, without other proof of notice to the defendant Kelley, than what arises from the mere long continuance of the suit in Court, in the name of the defendants against Mayo, is not sufficient evidence of any partnership or promise, to entitle the plaintiffs to prevail against him. The plaintiffs failing in their proof, it becomes unnecessary to determine whether the defendant Perkins was admissible as a witness in defence or not.

According to the agreement of the parties, the plaintiffs are to discontinue against Kelley, he taking costs, but are to have judgment against the defendant Perkins.

TENNEY, C. J., and HATHAWAY, APPLETON, and GOODENOW, J. J., concurred.